Aholtz v. Durfee.

The defendant filed a general demurrer to the bill, which was by the court sustained and the bill by the court dismissed, and complainant having elected to stand by his bill brings the case to this court on error.

Messrs. OUTTEN & VAIL, for defendant in error.

---

FREDERICK AHOLTZ

v.

JAMES H. DURFEE AND WILLIAM W. FOSTER.

*New Trial—Bill to Obtain—Cumulative Evidence—Affidavit.*

1. Upon a bill filed to obtain a new trial in a chancery proceeding between the same parties, it is *held:* That the demurrer to the bill was properly sustained; that the newly discovered evidence was merely cumulative and not conclusive; and that the affidavit of the witness should have been produced.

2. Evidence which merely multiplies witnesses to any one or more of those facts before investigated, or only adds other circumstances of the same general character, is cumulative.

[Opinion filed February 17, 1887.]

APPEAL from the Circuit Court of Macon County; the Hon. C. B. SMITH, Judge, presiding.

Messrs. H. PASCO and B. I. STERRETT, for appellant.

Aholtz v. Durfee.

Messrs. OUTTEN & VAIL, for appellee.

CONGER, J.   This was a bill in chancery filed for the purpose of obtaining a new trial of a cause before that time had in a chancery proceeding between the same parties.   A general demurrer was filed to the bill, sustained by the court and the bill dismissed.

The grounds relied upon in the bill was the newly discovered evidence of one Lewis H. Coon.   We think the demurrer was properly sustained for several reasons.

The evidence of Coon, as stated by him in his letter which is made an exhibit, would not be *conclusive*, in which case no new trial should be awarded ; for, as stated in Crafts v. Hall, 3 Scam. 131, "the evidence must be very satisfactory;" and in Adams v. The People, 47 Ill. 376, 380, it is said it must be conclusive ; but it would be merely cumulative—in which case it would be no ground for a new trial.

"Evidence is cumulative," said Church, J., in Waller v. Graves, 20 Conn. 383, "which merely multiplies witnesses to any one or more of those facts before investigated, or only adds other circumstances of the same general character."

Tested by this rule there can be no question that the proposed evidence of Coon would simply be an additional witness to the payment of the costs, as already testified to by appellant on the former trial.

Another requirement is that the affidavit of the witness himself should be produced, or its absence accounted for. Graham and Waterman on New Trials, Vol. 3, page 1021.

The only attempt at compliance with this rule is a private letter from Coon written to appellant.   We are not called upon to presume that such a statement is equivalent to a statement made under oath.

For the reasons given and others that appear in the record. the judgment of the Circuit Court will be affirmed.

*Affirmed.*